THE STATE EX REL. BAKER, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Baker v. Indus. Comm.* (1999), 86 Ohio St.3d 575.]

(No. 98–459—Submitted August 25, 1999—Decided September 22, 1999.)

*Phillip J. Fulton & Associates* and *William A. Thorman III,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Craigg E. Gould,* Assistant Attorney General, for appellee.

*Per Curiam.* AWW is calculated by dividing a claimant's earnings in the year prior to injury by fifty-two. R.C. 4123.61. Claimant asserts that the commission abused its discretion in excluding his alleged Pizza Hut earnings from his preinjury total earnings. We disagree. Claimant waited almost ten years before alleging that he had other income in the year prior to injury. He produced no evidence to corroborate these earnings. He also had two opportunities to testify on his own behalf, but did not attend either hearing.

Claimant does not explain his failure to testify but does contend that wage information was unavailable, citing the Pizza Hut letter as proof. That letter, however, was unsigned, undated, and did not identify claimant as the party to whom it was directed. We also note that Pizza Hut was not the only potential source of income verification. Claimant could have submitted tax records, income tax returns, or W–2 forms to substantiate additional income, but he did not.

We accordingly find that the commission did not abuse its discretion in denying claimant's AWW adjustment request.

Claimant also contends that the commission improperly denied his request for reconsideration, requiring a return of the cause to the commission for further

consideration. This we decline to do. We acknowledge that the signer of the order denying reconsideration identified herself as an "attorney," as opposed to a staff hearing officer or commission deputy, and that this raises questions as to the commission's compliance with its Resolution R95–1–09. However, we also note that claimant does not dispute the order's determination that he did not satisfy the substantive criteria for granting reconsideration. As such, we find it pointless to return the cause for further consideration.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.