[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 575.]

THE STATE EX REL. BAKER, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Baker v. Indus. Comm.*, 1999-Ohio-126.]

*Workers' compensation—Industrial Commission does not abuse its discretion in denying claimant's average-weekly-wage-adjustment request, when.*

(No. 98-459—Submitted August 25, 1999—Decided September 22, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD02-296.

_____

{¶ 1} Appellant-claimant, David J. Baker, began working for United Dairy Farmers ("UDF") in September 1986. On February 20, 1987, claimant was injured in the course of and arising from his employment, and his workers' compensation claim was allowed.

{¶ 2} On April 17, 1987, his average weekly wage ("AWW") was set at $67.70. That amount was determined by dividing his UDF earnings in the year prior to injury by fifty-two weeks.

{¶ 3} Over nine years later, claimant moved appellee Industrial Commission of Ohio to reset his average weekly wage at $153.05. He based his request on his allegation that during the year prior to injury, he also worked for twenty-nine weeks at Pizza Hut. Claimant, however, did not submit any documentation of these claimed earnings.

{¶ 4} Claimant did not attend the October 25, 1996 district hearing on his motion. Lacking any testimony or other corroborative evidence, the district hearing officer denied claimant's motion. Claimant appealed, but again skipped the hearing. A staff hearing officer affirmed the earlier order.

{¶ 5} Claimant appealed to the commission. The appeal was refused, and claimant requested reconsideration. He apparently submitted, at that time, an

undated, unsigned form letter from Pizza Hut claiming that it could not access records for any employees employed before 1989. The letter, however, did not identify claimant as the employee in question or the employee to whom the letter was directed. Reconsideration was ultimately denied in an order signed by "Attorney Rachel Rentas-Pilutti."

**{¶ 6}** Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying both his initial motion to reset his AWW and his request for reconsideration. The court of appeals denied the writ.

**{¶ 7}** The cause is now before this court upon an appeal as of right.

————————————

*Phillip J. Fulton & Associates* and *William A. Thorman III*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Craigg E. Gould*, Assistant Attorney General, for appellee.

————————————

***Per Curiam.***

**{¶ 8}** AWW is calculated by dividing a claimant's earnings in the year prior to injury by fifty-two. R.C. 4123.61. Claimant asserts that the commission abused its discretion in excluding his alleged Pizza Hut earnings from his preinjury total earnings. We disagree. Claimant waited almost ten years before alleging that he had other income in the year prior to injury. He produced no evidence to corroborate these earnings. He also had two opportunities to testify on his own behalf, but did not attend either hearing.

**{¶ 9}** Claimant does not explain his failure to testify but does contend that wage information was unavailable, citing the Pizza Hut letter as proof. That letter, however, was unsigned, undated, and did not identify claimant as the party to whom it was directed. We also note that Pizza Hut was not the only potential source of income verification. Claimant could have submitted tax records, income tax

2

returns, or W-2 forms to substantiate additional income, but he did not.

{¶ 10} We accordingly find that the commission did not abuse its discretion in denying claimant's AWW adjustment request.

{¶ 11} Claimant also contends that the commission improperly denied his request for reconsideration, requiring a return of the cause to the commission for further consideration. This we decline to do. We acknowledge that the signer of the order denying reconsideration identified herself as an "attorney," as opposed to a staff hearing officer or commission deputy, and that this raises questions as to the commission's compliance with its Resolution R95-1-09. However, we also note that claimant does not dispute the order's determination that he did not satisfy the substantive criteria for granting reconsideration. As such, we find it pointless to return the cause for further consideration.

{¶ 12} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————